Eastern District of Kentucky
F I L E D
OCT 16 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

MICHAEL D. SMITH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 0:19-065-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Michael D. Smith is an inmate currently confined at the Ashland Federal Prison Camp ("FPC") in Ashland, Kentucky. Proceeding without an attorney, Smith has filed a civil rights action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"). By separate order, the Court has granted Smith's motion to proceed without prepayment of the filing fee. [D.E. No. 11]

The Court must conduct a preliminary review of Smith's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

1

who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Smith's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Smith alleges that he has suffered from chronic sickness and discomfort in his lungs as a result of the quality of air at FPC-Ashland. [D.E. No. 1] The Court has reviewed Smith's complaint and finds that, to the extent that Smith alleges an FTCA claim against the United States, a response is required from the United States before this matter may proceed further. Because the Court has waived payment of the filing fee, the Clerk of the Court's Office and the United States Marshals Service ("USMS") will serve the summons and Complaint on Smith's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, although Smith repeatedly characterizes his claim as a tort claim against the United States filed pursuant to the FTCA, he also claims that the United States violated his Eighth Amendment rights. [D.E. No. 1 at p. 7] To the extent that Smith alleges violations of his constitutional rights, such claims may only be brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The *Bivens* doctrine allows a federal prisoner to bring a money-damages suit against federal officers who violated certain constitutional rights, including the Eighth

2

Amendment right to be free from cruel and unusual punishment. *Carlson v. Green*, 446 U.S. 14 (1980). However, a *Bivens* claim is only properly asserted against individual federal employees in their individual capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Thus, Smith may not bring a *Bivens* claim against the United States. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001)("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). Accordingly, to the extent that Smith's complaint alleges constitutional *Bivens* claims against the United States, these claims will be dismissed.

Accordingly, it is **ORDERED** as follows:

1. To the extent that Smith's complaint alleges a constitutional *Bivens* claim against the United States of America, this claim is **DISMISSED**.

2. The Deputy Clerk shall prepare a "Service Packet" for service upon the United States of America. The Service Packet shall include:

    a. a completed summons form;

    b. the complaint [D.E. No. 1];

    c. the Order granting Plaintiff *in forma pauperis* status [D.E. No. 11];

3

d.  this Order; and

    e.  a completed USM Form 285.

3.  The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

4.  The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and the Office of the Attorney General of the United States in Washington, D.C.

5.  Smith must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

6.  If Smith wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Smith files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 16th day of October, 2019.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge

4