UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| MICHAEL D. SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil No. 0: 19-65-HRW |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael D. Smith is a former federal inmate who was previously confined at the Federal Prison Camp ("FPC") in Ashland, Kentucky. While incarcerated, Smith filed a *pro se* complaint against the United States of America asserting claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA") and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [D. E. No. 1]  In prior Orders the Court granted Smith's motion to proceed *in forma pauperis*, dismissed the *Bivens* claim with prejudice, and ordered service of process upon the United States on the FTCA claim. [D.E. Nos. 11, 12]

The United States has moved to dismiss the Complaint for failure to state a claim upon which relief may be granted, or in the alternative for summary judgment. [D. E. No. 18]  In addition to his formal response, Smith has filed a "Memorandum

1

of Medical Evidence" in support of his claim. [D. E. Nos. 22, 24] The United States has filed its reply [D. E. No. 26], rendering this matter ripe for decision.

## BACKGROUND

In his Complaint Smith alleged that when he was confined in the segregation unit at FPC in 2013, he was forced to use the shower where black mold grew nearby. Smith indicates that shortly thereafter he developed "a sickness and discomfort in his lungs," sought medical care, and complained to staff that the prison's ventilation system was ineffective. By 2014, Smith was experiencing coughing and wheezing in his chest. In 2015, Smith was taken to an outside hospital where he was diagnosed with pneumonia and asthma. [D. E. No. 22-2 at 4-6, 11] Smith alleges in his Complaint that the prison lacked adequate ventilation and that he has "suffered from this severe lung disease for 4 years now and still no type of treatment or relief seems to be in the immediate future." Smith also complains that it was too hot in the prison at various times. [D. E. No. 1 at 2-6]

In November 2018, Smith filed a Form SF-95, *Claim for Injury, Damage, or Death*, with the Bureau of Prisons ("BOP") claiming that he suffered from chronic lung disease because of his ongoing exposure to dust at FPC and seeking damages. [D. E. No. 1-1 at 1] The BOP denied Smith's claim for administrative settlement of his claims on April 29, 2019. The BOP stated that Smith had a long history of asthma and heart disease but had previously refused to follow medical advice regarding its

treatment; stated that the prison had passed routine inspections by the American Correctional Association; noted that Smith failed to allege any physical injury resulting from the BOP's actions; and rejected his assertion that prison staff had been negligent. [D. E. No. 1-1 at 2-3] Smith filed his Complaint on July 17, 2019.

The United States moves for dismissal on the grounds that Smith's claims are barred by the two-year statute of limitations and that he did not properly exhaust most of them. First, the United States notes that Smith was released from the segregation unit on March 18, 2013, and contends that because he alleges that he immediately began "sickness and discomfort," his claim accrued at that time. It alternatively argues that his claims had accrued by at least 2015 because Smith also alleges that by the time he filed his complaint in 2019 he had already been experiencing "severe lung disease for 4 years now." [D. E. No. 18-1 at 3-5] Second, the United States notes that in the administrative tort claim Smith filed in 2019, he complained only of chronic lung disease allegedly due to exposure to dust and viruses and insufficient exposure to fresh air. Smith did not mention or allege that he was exposed to black mold in 2013, became ill with pneumonia in 2015, or that the facility was too hot. Therefore, the government argues, any claim arising out of these new allegations is not exhausted and must be dismissed. [D. E. No. 18-1 at 6-7]

3

In his formal response, Smith states that while he first experienced symptoms in 2013, he was not diagnosed with a medical condition until later. He further argues that the exhaustion requirement only demands that he give the government notice of the general nature of his claims. [D. E. No. 24 at 1] In his "Memorandum of Medical Evidence …" [D. E. No. 22], Smith states that the prevalence of black mold in the segregation unit in 2013 was:

> … well known by the staff of the facility, and well documented by other inmates who had direct knowledge as well. (Exhibit #1 Affidavits) Furthermore, it is also well documented that the camp dorm where I've lived for several years is heavily contaminated (ventilation attic) with at least 12" of dust and various other unknown substances. I personally complained to Camp staff about this issue and witnessed the warden visually inspect the air returns, to no avail.

*Id*. at 2. Smith further states that he has suffered from shortness of breath and a chronic cough "continuously" since 2013, and that since then his ongoing respiratory symptoms "should have been cause for alarm." *Id*. Medical records attached to Smith's Memorandum indicate issues with chest congestion dating back to 2011. [D. E. No. 22-2 at 3]

## DISCUSSION

The United States moves to dismiss Smith's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), challenging both the Court's subject matter jurisdiction over his claims and whether his Complaint adequately states a claim for relief. Where a party contends that the factual allegations of the Complaint,

even if true, fail to establish the court's subject matter jurisdiction, the moving party presents a facial attack upon the court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Am. Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007); *Gentek Bldg. Prods. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A district court evaluates such a motion using the same approach used to test a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Global Technology, Inc. v. Yubei (XinXiang) Power Steering System Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) (citing *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Smith is proceeding *pro se*, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Here, Defendant moves both to dismiss the complaint for failure to state a claim and for summary judgment, attaching and relying upon declarations extrinsic to the pleadings in support of its motion. *See* [D. E. No. 18-2]. The Court treats the

5

motion to dismiss the complaint as one for summary judgment under such circumstances. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010). A motion under Rule 56 challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that the party is entitled to a judgment as a matter of law. *Loyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014).

The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir. 1994). However, if the responding party's allegations are so clearly contradicted by the record that no reasonable jury could adopt them, the court need not accept them when determining whether summary judgment is warranted. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The FTCA constitutes a limited waiver of sovereign immunity generally enjoyed by the United States, and permits an action for negligent or wrongful acts or omissions of its employees while acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1); *United States v. Orleans,* 425 U.S. 807, 813 (1975). Before seeking relief under the FTCA, however, a claimant must first exhaust administrative remedies and then file suit within the statute of limitations. Having thoroughly reviewed the record, the Court concludes that Smith failed to exhaust certain aspects of his claim, and did not file suit within the statute of limitations with respect to the remainder.

Before filing suit the FTCA requires a claimant to seek administrative settlement of his or her claim by filing a request for settlement with the responsible agency, and the agency is afforded six months to respond to the request. 28 U.S.C. § 2675(a); *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008). If the plaintiff did not both file an administrative claim and receive a denial from the agency before filing suit, the FTCA mandates the dismissal of a suit against the United States. *McNeil v. United States*, 508 U.S. 106 (1993).

The purpose of the administrative exhaustion requirement is to permit the federal agency to investigate the plaintiff's claim and, if possible, determine whether it has merit and warrants an attempt at settlement. Therefore the description of the claim on the administrative settlement form must be sufficient to permit the agency

to conduct an adequate investigation. *Roma v. United States*, 344 F.3d 352, 362-63 (3d Cir. 2003). A plaintiff is not permitted to "present one claim to the agency and then maintain suit on the basis of a different set of facts." *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011-12 (7th Cir. 1991).

> Here, in the "Basis of Claim" portion of his claim form, Smith stated:
>
> Chronic lung disease. Breathing dust in housing units. Dust has viruses + bacteria in [it] – don't have enough fresh air in housing units – Fake air quality test. Never seen lung Dr.

[D. E. No. 1-1 at 1 (cleaned up)]. This statement has no bearing upon Smith's present complaints regarding the allegedly hot temperatures in the prison. See [D. E. No. 1 at 4-5] Nor did Smith's statement about *dust* in the housing units suggest that he was complaining about *black mold* he believes was present in 2013. [D. E. No. 1 at 2, 5-6] Any such claims are therefore unexhausted. See *Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003).

The FTCA also includes a two-part statute of limitations. First, within two years after his or her claim accrues, the plaintiff must present a written administrative claim to the responsible agency. Second, within six months after the agency denies the claim, the plaintiff must file suit. 28 U.S.C.A. § 2401(b). Here, Smith satisfied the second requirement but not the first, and his claim must therefore be dismissed as untimely.

Under the FTCA, a claim accrues "when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute negligence or medical malpractice." *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004) (*citing United States v. Kubrick*, 444 U.S. 111, 123 (1979)). Smith states that he knew of the injury itself as far back as 2013, alleging that since that time he "ha[s] been ill and suffered from shortness of breath, and a chronic cough especially upon awakening each morning with thick viscous, white phlegm that is occasionally mixed with specks of blood." [D. E. No. 22 at 2] By 2014 he was already experiencing "wheezing" in his chest, and by 2015 he had been diagnosed with pneumonia and asthma by an outside hospital. [D. E. No. 22-2 at 4-6, 11] Smith's statement in his 2019 Complaint that his condition had been ongoing "for 4 years now," [D. E. No. 1 at 6], is consistent with his knowledge of an actionable medical condition since at least 2015. See *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009). Smith further alleges that he was actually aware of the cause of his breathing difficulties as far back as 2013, even providing affidavits to assert that the black mold and dust were the result of the BOP's years-long failure to properly maintain water pipes and air vents. See [D. E. No. 1 at 2-4; No. 22-2 at 1-2]

Smith's claims accrued as early as 2013 and no later than 2015, by which time he was aware of both his difficulty breathing, coughing, and asthma, as well as the

9

asserted cause. *See Manley v. United States*, No. 4:16-CV-33-SLG, 2017 WL 8224448, at * 3-4 (D. Alaska Nov. 14, 2017) (holding that FTCA claim based upon smoke exposure and inhalation accrued when plaintiff experienced asthma attacks); *Irving v. GEO Group, Inc.*, No. 5: 10-CT-3071-F, 2013 WL 681895, at *4-5 (E.D.N.C. Feb. 25, 2013) (holding that FTCA claim based upon exposure to secondhand smoke accrued when plaintiff began experiencing breathing problems and shortness of breath); *see also Vorsteg v. United States*, No. 11-61160-CIV, 2011 WL 6069381, at *2-3 (S.D. Fla. Dec. 6, 2011). Smith filed his administrative claim with the BOP in November 2018, long after the two-year limitations period under § 2401(b) had passed. Smith's claims are therefore time-barred, and this action will be dismissed.

Accordingly, **IT IS ORDERED** as follows:

1. The Motion to Dismiss, or in the Alternative for Summary Judgment, filed by Defendant the United States of America [D. E. No. 18] is **GRANTED**.

2. Plaintiff Michael D. Smith's Complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE**.

3. The Court will enter a corresponding Judgment.

4. This matter is **STRICKEN** from the docket.

This 4th day of June, 2020.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

11